IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| LISA FELICIANO, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:14cv1670(JCC/MSN) |
| | ) |
| THE REGER GROUP, *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on The Reger Group, LLC's ("The Reger Group"), Virginia Employment Commission's ("VEC"), and Manufacturing Industrial Base Policy's ("MIBP"), Motions to Dismiss for Failure to State a Claim [Dkt. 9, 14, 32]. For the following reasons, the Court will grant the motions to dismiss.

**I. Background**

Lisa Feliciano ("Plaintiff" or "Feliciano") filed the instant lawsuit on December 10, 2014, naming VEC, The Reger Group, and MIBP as defendants. (Compl. [Dkt. 1].) Plaintiff was a former federal contractor employed with The Reger Group, a firm that provides support to MIBP, a component of the U.S. Department of Defense. (Compl. at 1.) On October 21, 2013 she

1

was terminated. (*Id.*) She alleges her termination was due to "discrimination and defamation." (*Id.*) According to Plaintiff, she was wrongfully terminated after she got sick, was out of work for a week, and diagnosed with anxiety disorder. (*Id.* at 2.) She contends her diagnosis made her eligible for short-term disability, but instead of allowing her to take it The Reger Group fired her. (*Id.* at 2)

From her complaint, it appears she asserts three causes of action: (1) defamation; (2) wrongful termination due to discrimination, in violation of Virginia Code § 2.2-3900; and (3) wrongful denial of unemployment benefits. (*Id.* at 2-3.) Her complaint does not specify which claim(s) she is asserting against which defendants. This lawsuit is the fourth time she has attempted to assert some variation of these claims in this Court. *See Feliciano v. The Reger Grp., et al.*, No. 1:14cv1218-LMB-TRJ, 2014 WL 6685412 (E.D. Va. Nov. 25, 2014); *Feliciano v. The Reger Grp., et al.*, No. 1:14cv985-GBL-TRJ (E.D. Va. Sept. 10, 2014); *Feliciano v. The Reger Grp., et al.*, No. 1:13cv1572-AJT-TCB (E.D. Va. Mar. 7, 2014), *aff'd* 573 F. App'x 301 (4th Cir. 2014).

The Reger Group was the first of the defendants to move to dismiss. The Reger Group argues that the claims are barred by res judicata or, in the alternative, that the claims fail to state any viable claims upon which relief may be

2

granted.  (The Reger Grp.'s Mem. in Supp. [Dkt. 11] at 3, 9.)  VEC contests whether this Court has jurisdiction to hear claims against it, and also moves to dismiss on the basis that the complaint fails to state any viable claim against it.  (VEC's Mem. in Supp. [Dkt. 14] at 1-2.)  Finally, MIBP argues sovereign immunity prevents Plaintiff from suing it for defamation.  (MIBP's Mem. in Supp. [Dkt. 33] at 7-9.)  MIBP also argues that Plaintiff has failed to state a claim against it for wrongful termination or for wrongful denial of unemployment benefits, and, even if the complaint could be construed to state such claims, that Plaintiff's suit is barred by res judicata.  (*Id.* at 9-11.)

Having been fully briefed and argued, this motion is ripe for disposition.

## II. Analysis

### A. MIBP

Plaintiff avers that she was defamed when an MIBP employee allegedly remarked to someone else: "Did you hear Lisa is a terrorist?"  (Compl. at 3.)  MIBP argues that the defamation[1] claim against it fails because of sovereign immunity.

---

[1] Defamation is the only claim that could possibly lie against MIBP.  Plaintiff has not pled that MIBP was her employer, so a claim for wrongful termination is inappropriate. *See Feliciano*, 2014 WL 6685412, at *4 ("Feliciano has not pleaded the MIBP was her employer; accordingly, she has not adequately alleged wrongful termination by MIBP.").  Additionally, MIBP does not

3

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota*, 461 U.S. 273, 287 (1983). Although the Federal Tort Claims Act ("FTCA") does waive sovereign immunity for tort claims, claims of slander and libel are expressly barred by the intentional tort exception to the FTCA. 28 U.S.C. § 2680(h) ("The provisions of this chapter shall not apply to . . . any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."). "Defamation" is simply Virginia's term for libel and slander. *See Jordan v. Donahoe*, No. 3:12-cv-759, 2013 WL 2950516, at *4 (E.D. Va. June 13, 2013), *aff'd* 549 F. App'x 213 (4th Cir. 2014). The government has not waived sovereign immunity for defamation suits, so Plaintiff's defamation claim must fail. *See id.* (dismissing defamation claim against the postmaster general of the United States); *see also Feliciano*, 2014 WL 6685412, at *3 ("Because Congress has not authorized defamation claims against the United States, and Feliciano argues it was a government employee who made the allegedly defamatory statement, the defamation claim against MIBP is barred by sovereign immunity, even assuming that

---

administer unemployment benefits, so the wrongful denial of unemployment benefits claim cannot be asserted against it.

4

Feliciano provided enough detail in her complaint to make out a proper claim, which she has not.").[2]

### B. The Reger Group

The Reger Group argues Plaintiff's lawsuit against it is barred by res judicata. "Motions to dismiss under the doctrine of res judicata are properly reviewed under the standard for dismissal set forth in Federal Rule of Civil Procedure 12(b)(6)." *Walls v. Wells Fargo Bank, N.A.*, No. 1:13cv623, 2013 WL 3199675, at *2 (E.D. Va. June 20, 2013). Therefore, the Court should assume that the facts alleged in the complaint are true and draw all reasonable inferences in the plaintiff's favor. *Id.* Res judicata bars allegations which were brought, and allegations which could have been brought, in the previous suit. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004).

Res judicata applies when the following three elements are satisfied: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Id.* at *3 (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990)). Plaintiff's claims for defamation and wrongful

---

[2] MIBP also argues that the defamation claim, the only claim that could lie against it, is barred by the doctrine of res judicata. In light of its holding that sovereign immunity bars this claim, the Court declines to consider this argument.

termination are barred by res judicata. In two of the previous actions against The Reger Group, Plaintiff asserted defamation and wrongful termination claims. *See Feliciano*, 2014 WL 6685412, at *2. In each of those actions, the dismissal of Plaintiff's complaint, including affirmance of one of those decisions by the Fourth Circuit, are adjudications on the merits. *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009). Therefore, Plaintiff's claims for defamation and wrongful termination against The Reger Group are barred by res judicata.

Plaintiff's claim against The Reger Group for wrongful denial of employment benefits must also fail, albeit for a different reason. Virginia Code § 60.2-625 requires that a party seeking to appeal a decision of the VEC must file its petition "in the circuit court of the county or city in which the individual who filed the claim was last employed." Va. Code § 60.2-625(A). The VEC and any other party to the administrative procedures before the VEC shall be named as defendants in such a petition. *Id.* The aggrieved party must file the action within thirty days after a decision by the VEC has been mailed. *Id.*

This Court does not have jurisdiction to hear the wrongful denial of benefits claim. This Court is not a "circuit court" within the meaning of the statute. Though not explicitly

defined, "circuit court" refers to Virginia's courts of general jurisdiction. As a federal court, this Court is not such a court. Therefore, this claim will be dismissed as well. Accordingly, all of Plaintiff's claims against The Reger Group must be dismissed with prejudice.[3]

### C. VEC

The only cause of action in Plaintiff's complaint that could be asserted against VEC is that of wrongful denial of unemployment benefits. VEC did not employ Plaintiff; therefore, a wrongful termination claim cannot be asserted against it. *See Lawrence Chrysler Plymouth Corp. v. Brooks*, 465 S.E.2d 806, 807 (Va. 1996) ("In this appeal, we consider whether a former employee at-will has a cause of action for wrongful discharge

---

[3] The Reger Group also reads Plaintiff's complaint as asserting claims under Title VII and the Americans with Disabilities Act ("ADA"). To the extent that such claims could be construed from the complaint, they must also be dismissed because of res judicata. Judge Brinkema already considered these claims against The Reger Group and found they were time-barred. *Feliciano*, 2014 WL 6685412, at *3. The Reger Group also moves for attorneys' fees and costs on the basis that this is an employment discrimination action. (The Reger Grp.'s Mem. in Supp. at 17.) Under Title VII, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs[.]" 42 U.S.C. § 2000e-5(k). "An award of attorneys' fees to a defendant is permissible upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Farmer v. Navy Fed. Credit Union*, No. 1:11cv691, 2012 WL 3236721, at *2 (E.D. Va. Aug. 3, 2012) (citation and internal quotation marks omitted). Even if this action could be construed as one for employment discrimination under federal law, the Court declines to award attorneys' fees and costs at this time.

against *his former employer*.") (emphasis added); *see also Feliciano*, 2014 WL 6685412, at *4 (stating that claim for wrongful termination failed because Plaintiff did not plead defendant was her employer). Additionally, the allegations in Plaintiff's complaint state that she was allegedly defamed by an employee of The Reger Group. Therefore, there is no factual basis to support an allegation of defamation against VEC.

As noted earlier, Virginia Code § 60.2-625 requires that an action challenging a decision of the VEC must be filed in state court. As this Court is a federal court, the wrongful denial of unemployment benefits claim must be dismissed.

### III. Conclusion

For the foregoing reasons, Defendants' motions to dismiss are granted. An appropriate order will issue.

|  |  |
|---|---|
| April 7, 2015<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |